### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 16-21906-CMB |
| Fred A. Angel, Sr. | ) **Chapter** 13 |
| **Debtor.** | ) |
| Ronda J. Winnecour, Trustee, | ) **Related Document No.** 175-174 |
| **Movant.** | ) **Hearing Date:** 10/25/17 at 10:00 am |
| **vs.** | ) **Response Due:** 09/21/17 |
| Fred A. Angel. Sr. | ) |
| **Respondent.** | ) **Document No.** |

### RESPONSE TO THE TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7

**AND NOW**, comes the Debtor, Fred A. Angel, Sr., by and through his counsel, Calaiaro Valencik and Donald R. Calaiaro, and presents the following:

**1.** Admitted; by way of further averment, Counsel for the Debtor is unable to receive payment on his fees while there is no order confirming the Chapter 13 Plan on an interim basis.

**2.** Admitted.

**3.** Admitted; at the time the case was filed the Debtor was not employed. The Debtor has since obtained employment through his union hall. He will file amended Schedules I and J.

**4.** Admitted; the income of the Debtor will not be the vehicle that generates the funds to pay unsecured creditors. The most significant funding for the creditors will come from the insurance recovery against Cumberland Insurance. The debtor believes that a settlement offer will be made by Cumberland Insurance that will be sufficient to pay all unsecured creditors.

**5.** The Debtor is employed as a union carpenter and is called to work out of the union hall. The Debtor's income has increased since filing this case.

**6.** The Debtor paid automobile leases and his mortgage directly because his non-debtor spouse's credit would be damaged if it was paid through the Chapter 13 Trustee. His original counsel filed a Chapter 13 Plan which did not pay secured creditors through the Chapter 13 Plan. There were no arrears on any of these accounts. The Debtor and his non-debtor spouse has made all post-petition payments in a timely fashion. The car leases have ended by their own terms.

**7.** It is admitted that paying payments through the Chapter 13 Trustee is the practice in Western Pennsylvania. That local procedure is generally a prudent way to administer bankruptcy cases and it helps prevent post-petition secured creditor defaults. Even though this generally desirable, it does not meet the needs of all debtors. The Bankruptcy Code does not dictate that payments must be made through the Chapter 13 Trustee. In fact, the majority of districts in the United States do not use the Chapter 13 Trustee to make payments to secured creditors. When, and if, the Debtor has a hearing on the merits of his Chapter 13 Plan, he intends to argue that he should be permitted to deviate from the local practice.

**8.** Admitted; the Debtor has been embroiled in a dispute with Velocity Capital, Cumberland Insurance, and his sister, Cynthia Angel. The Debtor has made it clear that all unsecured creditors will be paid in full by any insurance recovery. Prior counsel filed the original plan without secured creditor payments through the Chapter 13 Trustee. The Debtor is engaged in mediation to try to resolve the disputes and effectuate a distribution. It is not admitted that the Debtor and the non-debtor sister must pay proceeds of the insurance recovery through the Chapter 13 Trustee. These unique facts mitigate against that result. There is no requirement under the Bankruptcy Code to

pay secured creditors through the Chapter 13 Trustee.

**9.** It is admitted that the Debtor must comply with the Bankruptcy Code. It is specifically denied that a Chapter 13 Debtor must make payments through a Chapter 13 Trustee or face dismissal. The Court may not confirm a Chapter 13 Plan but dismissal is not required especially when the Debtor is on the verge of a settlement that will produce sufficient funds to pay all unsecured creditors 100%. The Debtor may pay everyone 100% without a confirmation order and then dismiss his case.

**10.** Paragraph 10 is a legal conclusion. The Debtor asserts that cause has NOT been established under 11 USC § 1307 (c).

**11.** Paragraph 11 is a legal conclusion. The Debtor asserts that the Movant has asserted a legitimate position and the Debtor has not acted in "Bad Faith". Specifically, Cynthia Angel has asserted her position that the Debtor's ownership of stock of Homestead Cabinet & Display, Inc. (Homestead) does not subject the corporate assets to the jurisdiction of the Bankruptcy Court. There has been a tension between the parties throughout the case. The Debtor has complied with all Bankruptcy Court Orders and he has attempted to prosecute the insurance claim to get creditors paid. The Debtor has not acted in bad faith.

**12.** Conversion or dismissal is a punitive remedy sought by the Chapter 13 Trustee where the Debtor has taken a legitimate position. No party is benefited by a conversion. The Debtor is on the verge of a resolution of the insurance claim that will provide the funding to pay all of his creditors in full. The Debtor has made every effort to prosecute the insurance claim. The real estate could not be sold because it was not saleable until the clean-up occurred. The Court will remember that Velocity delayed the

release of insurance proceeds to clean up the damaged property.

**13.** The Debtor properly disclosed his income at the time of filing. The Debtor proposed a plan. The Debtor has made it clear that when the insurance recovery is paid, he will pay all creditors in full. He has taken every step possible to prosecute the insurance claim. The Trustee's position is not warranted and the Debtor has not acted in "Bad Faith".

**14.** Denied; the Debtor has taken every step possible to prosecute the insurance claim. Conversion would only add another level of administrative costs and not improve the distribution to unsecured creditors. The Court has allowed the parties to mediate the disputes with Velocity, Cumberland Insurance, and Cynthia Angel and it should not place any chilling effect on the Debtor by considering this motion.

**WHEREFORE,** the Debtor requests that this Honorable Court deny the motion and permit him a reasonable time to obtain a settlement with Cumberland Insurance to fund the payment to all unsecured creditors.

**Respectfully Submitted,**

**DATE:** September 21, 2017

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire, PA I.D. #27538**
dcalaiaro@c-vlaw.com
**BY:** /s/ David Z. Valencik
**David Z. Valencik, Esquire,   PA I.D. #308361**
dvalencik@c-vlaw.com
**CALAIARO VALENCIK**
**428 Forbes Avenue, Suite 900**
**Pittsburgh, PA  15219-1621**
**(412) 232-0930**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Case No.** 16-21906-CMB |
| Fred A. Angel, Sr. | ) **Chapter** 13 |
| **Debtor.** | ) |
| Ronda J. Winnecour, Trustee, | ) **Related Document No.** 175-174 |
| **Movant.** | ) **Hearing Date:** 10/25/17 at 10:00 am |
| vs. | ) **Response Due:** 09/21/17 |
| Fred A. Angel. Sr. | ) |
| **Respondent.** | ) **Document No.** |

**CERTIFICATE OF SERVICE OF THE RESPONSE
TO THE TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7**

I certify under penalty of perjury that I served the above captioned Order on the parties at the addresses specified below or on the attached list on September 21, 2017.

**Service by First-Class Mail:**
Fred A. Angel, Sr., 5131 East Willock Road, Pittsburgh, PA  15236

**Service by Electronic Notification:**
Owen W. Katz, Esquire; okatz@chapter13trusteewdpa.com
William Miller, Esquire; wmiller@sterneisenberg.com
Jordan Blask, Esquire; jblask@tuckerlaw.com

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) were: First-Class Mail or Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

EXECUTED ON: September 21, 2017    /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire, PA I.D. #27538**
dcalaiaro@c-vlaw.com
/s/ David Z. Valencik
**David Z. Valencik, Esquire,   PA I.D. #308361**
dvalencik@c-vlaw.com
**CALAIARO VALENCIK
428 Forbes Avenue, Suite 900
Pittsburgh, PA  15219-1621
(412) 232-0930**