IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-21906-CMB |
| | ) | |
| FRED A. ANGEL, SR., | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Related to Doc. No. 140,145,153, |
| | ) | 167 & 177 |
| | | Doc. No. 192 |

**ORDER**

**AND NOW**, this  19th  day of    September   , 2017, whereas hearings were held in the above captioned case on August 23, 2017 and September 7, 2016, and whereas, for the reasons stated on the record, this Court found mediation to be appropriate and ordered mediation to occur by way of its Order at Document No. 169 and pursuant to W.D. Pa. LBR 9019-2, it is hereby **ORDER, ADJUDGED** and **DECREED** as follows:

1. Fred A. Angel, Sr., Cynthia Angel, Velocity Commercial Capital, LLC ("Velocity"), and the Chapter 13 Trustee (collectively, the "Parties") and their Counsel are Ordered to participate in mediation.

2. The Parties participating in mediation must have full authority to negotiate and settle the matter.

3. The Court directs the Parties to attend mediation **in person** with the object of fully resolving **all** of their disputes, including any objection to Velocity's claim.

4. *Joel M. Helmrich, Esquire* (the "Mediator"), currently qualified and serving in this Court as a Certified Court Mediator, pursuant to W.D.Pa. LBR 9019-3, is hereby appointed Mediator of the within matters pursuant to W.D.Pa. LBR 9019-2(a) since the Court, having previously reviewed his qualifications to act as Mediator in the matter has found no conflict of interest to exist and he is otherwise generally acceptable to all Parties.

5. The Written Fee/Expense Agreement attached hereto as **Attachment "A"** is hereby **Approved.**

6. Velocity, the Debtor, and Cynthia Angel shall share equally all fees and expenses of the Mediator.

7. The mediation shall take place no later than October 11, 2017. In the event that additional time is required, the Parties shall seek an extension of time from this Court and advise if all Parties consent to an extension of time.

8. Willful failure to attend any mediation conference and any other material violation of this Court's Local Rules regarding mediation may result in the imposition of sanctions pursuant to W.D. Pa. LBR 9019-4.

9. Mediation is confidential as set forth in W.D. Pa. LBR 9019-5.

10. Except for mediation, all activity related to this matter is **STAYED** pending further Order of Court, including any response deadlines to any currently pending Motions and or Applications.

11. An Omnibus Status Conference on the mediation and other pending matters will be held on **October 25, 2017, at 9:45 AM** in Courtroom B, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA, to address the outcome of mediation and whether an evidentiary hearing and/or oral argument should be scheduled. The status conference may be cancelled if the parties advise the Court that a settlement has been reached or additional time is requested in order to finalize a settlement.

12. Counsel for the Debtor shall immediately serve a Copy of this Order on all parties in interest and filed a Certificate of Service forthwith.

Carlota M. Böhm
United States Bankruptcy Judge

FILED
9/19/17 12:18 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

2

Attachment "A"

(Mediator's Engagement/Fee Agreement)

## AGREEMENT TO MEDIATE

This agreement is made on September 18, 2017 by Fred A. Angel, Sr., Cynthia Angel, Velocity Capital, LLC and the Chapter 13 Trustee, referred to in this agreement as the "Parties" and, Joel M. Helmrich, referred to in this agreement as the "Mediator".

1. We accept the help of the Mediator to assist us in addressing a conflict. We understand that the role of the Mediator is to support the Parties in discussing and making voluntary informed decisions about how to deal with their situation. The Mediator will not provide counseling, therapy, legal services, or act as a fact finding, or judge.

2. We understand:

   a. That the Mediator will treat all communication submitted during the Mediation as confidential, unless otherwise agreed upon by all Parties.

   b. Each party agrees that the Mediator may discuss the mediation to the extent necessary to respond to a complaint filed in any forum challenging the manner in which the Mediator carried out his professional responsibilities.

   c. Any notes taken by the Mediator and materials given to the Mediator by the Parties or their representative will be destroyed at the conclusion of the Mediation process.

   d. Except for information divulged during a joint session, with all Parties present, any information disclosed to the Mediator that a party wishes to be kept confidential from the other party, will be kept confidential, unless the party gives express permission for its disclosure.

   e. The Mediator is required to report to the Court failure to pay the Mediator.

   f. The Mediator is required to report in writing to the court failure to appear by a party or party representative.

   g. That all Parties here state their good faith intention to complete their mediation by an agreement. It is, however, understood that any party may withdraw from or suspend the mediation process at any time, for any reason or no reason.

   h. The Parties also understand that the Mediator may suspend or terminate the Mediation, if the Mediator feels that the Mediation will lead to an unreasonable result, if the Mediator feels that an impasse has been reached, or if the Mediator determines that he can no longer effectively perform his facilitative role

11668381v1

i. Under Pennsylvania law (42 Pa. C.S.A. Sec. 5949) and Fed. R. Evidence 408, mediation communication and documents are confidential, privileged and inadmissible in a court of law. No participant in the mediation process may be subpoenaed or otherwise compelled to testify at any legal proceeding regarding such communications and documents <u>EXCEPT IN THE FOLLOWING SITUATIONS:</u>

   i. When there are threats of bodily harm or conduct that causes direct bodily injury to a person.

   ii. When a written mediated agreement is introduced in a proceeding to enforce the agreement, unless the mediated agreement states that it is not intended to be legally binding.

   iii. When fraudulent mediation communication forms the basis of a mediated agreement, and that agreement is introduced into a legal proceeding to enforce or set aside that agreement.

   iv. When legal action or an ethical complaint is filed by a party against the Mediator, in which case all relevant mediation communication and documents are admissible.

3. We agree that the Mediator will be held harmless for any claim arising from the mediation process.

4. We understand that, at the conclusion of the mediation process the Mediator may prepare, with the Parties, a written summary of decisions that have been reached during the mediation. If the Parties wish to have this summary become an agreement, the Parties are encouraged to take it to their attorneys.

5. The Parties agree to compensate the Mediator at a rate of $400.00 per hour which will be split between the Parties one-third each with the Chapter 13 Trustee excluded from any responsibility for paying the Mediator's fees. This includes time in the mediation as well as pre- and post-mediation conversations and preparation. The Parties will be responsible for payment of services rendered up to and including the first mediation session, at the time of that session. Further sessions and/or additional work to be done by the Mediator may be scheduled by agreement between the Parties and the Mediator. The Parties will be provided with a monthly accounting of fees and expenses by the Mediator. Payment of such fees and expenses is due to the mediator no later than 15 days following the date of such billing, unless otherwise agreed in writing.

We have reviewed and understand this agreement, and have had any questions fully answered.

11668381v1

By signing this agreement we freely and knowingly agree to abide by the terms set forth in this agreement and agree to mediate.

| | | |
|---|---|---|
| /s/ Joel M. Helmrich | | 9/18/17 |
| Joel M. Helmrich, Esq. | Mediator | Date |
| | | |
| Fred A. Angel, Sr. | Debtor | Date |
| /s/ Donald Calaiaro | | 9/18/2017 |
| Donald Calaiaro, Esq. | *Debtor's Counsel* | Date |
| | | |
| Cynthia Angel | Creditor | Date |
| /s/ Jordan S. Blask | | 9/18/17 |
| Jordan S. Blask, Esq. | *Counsel to Cynthia Angel* | Date |
| /s/ Steven Nicholson | | 9/18/17 |
| Velocity Commercial Capital, LLC | Secured Creditor | Date |
| /s/ William Miller | | 9/18/17 |
| William Miller, Esq. | *Counsel to Velocity Com. Cap., LLC* | Date |
| | | |
| Chapter 13 Trustee | Party | Date |
| /s/ Jana Pail | | 9/18/2017 |
| Jana Pail, Esq. | *Chapter 13 Trustee's Counsel* | Date |

1166838lv1

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                   Case No. 16-21906-CMB
Fred A. Angel, Sr.                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2        User: lfin              Page 1 of 1              Date Rcvd: Sep 19, 2017
                            Form ID: pdf900         Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 21, 2017.
db             +Fred A. Angel, Sr.,   5131 East Willock Road,   Pittsburgh, PA 15236-2238
md             +Joel M. Helmrich,   Dinsmore & Shohl,   One Oxford Centre, Suite 2800,
                 Pittsburgh, PA 15219-1400

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 21, 2017                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 19, 2017 at the address(es) listed below:
              David Z. Valencik    on behalf of Debtor Fred A. Angel, Sr. dvalencik@c-vlaw.com,
               cvlaw.ecf.dvalencik@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com
              Donald R. Calaiaro    on behalf of Debtor Fred A. Angel, Sr. dcalaiaro@c-vlaw.com,
               cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com
              James Warmbrodt     on behalf of Creditor    VELOCITY COMMERCIAL CAPITAL, LLC, A CALIFORNIA LIMITED
               LIABILITY COMPANY bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor    Allegheny County jhunt@grblaw.com,   cnoroski@grblaw.com
              Jeffrey R. Hunt    on behalf of Creditor    Borough of Baldwin jhunt@grblaw.com,
               cnoroski@grblaw.com
              Jillian Nolan Snider    on behalf of Creditor Cynthia   Angel jsnider@tuckerlaw.com
              Jordan S. Blask    on behalf of Creditor Cynthia   Angel jblask@tuckerlaw.com,
               agilbert@tuckerlaw.com;jleech@tuckerlaw.com;lbuckreis@tuckerlaw.com
              Kevin Scott Frankel    on behalf of Creditor    Nationstar Mortgage LLC pabk@logs.com
              Laura M. McCurdy    on behalf of Creditor    Baldwin-Whitehall School District lmccurdy@wbklegal.com
              Matthew James Burne    on behalf of Creditor Cynthia   Angel mburne@tuckerlaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              William E. Miller    on behalf of Creditor    Velocity Commercial Capital
               wmiller@sterneisenberg.com,   bkecf@sterneisenberg.com
              William E. Miller    on behalf of Creditor    Velocity Commercial Capital, LLC
               wmiller@sterneisenberg.com,   bkecf@sterneisenberg.com
                                                                                               TOTAL: 15