# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** ) | **Bankruptcy No.** 16-21906-CMB |
| Fred A. Angel, Sr., ) | |
| **Debtor,** ) | **Chapter** 13 |
| Fred A. Angel, Sr., ) | |
| **Movant,** ) | |
| v. ) | |
| Velocity Commercial Capital, Cynthia Angel, ) | |
| Cumberland Mutual Insurance Group ) | |
| Homestead Cabinet & Display Company, Inc. ) | |
| and Ronda Winnecour, Chapter 13 Trustee, ) | |
| **Respondents.** ) | **Document Nos.** 145, |
| ) | 174,180,189, 194 |

## ORDER OF COURT

Whereas the Debtor filed a chapter 13 Amended plan on April 11, 2017 at Document 140;

Whereas, Velocity Commercial Capital LLC filed an objection to the Confirmation of that Plan at Document 142;

Whereas, Velocity Commercial Capital LLC file a Motion for Relief from Stay at Document 153;

Whereas, the Debtor filed an objection to the Velocity Commercial Capital LLC claim at Document 163;

Whereas, the Chapter 13 trustee filed a Motion to Convert the case to a chapter 7 at Document 174;

Whereas, the parties participated in mediation as required by Order of this Court, entered on September 19th 2017 at Document Number 194;

Whereas, the parties attended the Mediation on participated in the Mediation conducted by Joel Helmrich on October 6, 2017;

**Whereas, the parties to the Bankruptcy entered into a settlement agreement;**

**AND NOW,** to wit, this _____ day of _____, 2017, Upon the Settlement and consent of the parties:

It is **ORDERED** that the Cumberland Mutual Fire Insurance Company ("Cumberland Mutual") is authorized to make an interim payment of the Following Sums, to be paid within 15 days after entry of this Order, as follows:

1. The sum of $347,500.00 to Velocity Commercial Capital LLC as payment in full of all of its claims;

2. The Sum of $ 22,000.00 to Ronda Winnecour to provide for payment of all allowable unsecured creditors at 100%;

3. The Sum of $ 2,200.00 by separate check to Ronda Winnecour as a compromised payment for all residential payments made directly by the Debtor and his non-debtor spouse.

4. The Amounts referenced in Paragraph's 2 and 3 above shall be attributable and deducted from Fred Angel's share of the distribution of the insurance proceeds (upon resolution thereof) stemming from the property/business loss under the policies with Cumberland Mutual, and no portion of the amounts in Paragraph 2 and 3, or any other administrative expenses of Fred Angel's bankruptcy case shall be attributable to Cynthia Angel's share.

5. The Mediation fees owed by Fred Angel and Cynthia Angel in the aggregate amount of $ 6,070.44 shall be paid equally in the amount of $3,035.22 each. The Mediation Fees owed by Velocity Commercial Capital, LLC are $2,355.24.

**A. Velocity Commercial Capital LLC** Velocity Commercial Capital LLC shall satisfy the mortgage within 60 days of receipt of the payment as set forth in paragraph 1 above.

This payment of $ 347,500.00 is in full satisfaction of the borrower(s), any obligees or guarantors on the obligation and Velocity Commercial Capital LLC shall not be entitled to any further payment. This settlement is a compromise of disputed debt and not a forgiveness of debt. This settlement resolves the Objection to the claim of Velocity Commercial Capital LLC at Document 163 and it will be denied as "moot" by this settlement; and this settlement resolves the Motion for Relief from the Automatic Stay of Velocity Commercial Capital LLC at Document 153 and it will be denied as "moot" by this settlement. Furthermore, this settlement shall serve as a waiver of any and all claims by any of the parties against Velocity Commercial Capital, LLC not otherwise addressed in this order.

Velocity Commercial Capital LLC shall pay its portion of the Mediator's fees ($2,355.24) within 30 days of this Order.

**B. The Chapter 13 Case**  This settlement resolves the Motion to Convert filed by the Chapter 13 trustee at Document 174 and it will be denied as "moot" by this settlement

The chapter 13 Plan of the Debtor, dated April 10, 2017, that provides for payment of 100 % to the unsecured creditors is confirmed. The Debtor shall have no further obligation to make any payments because this settlement completely funds the payment of chapter 13 creditors. The chapter 13 Plan of the Debtor, dated April 10, 2017 at Document 140 is confirmed.

The Debtor shall have until December 4, 2017, to file any objections to claims. Calaiaro Valencik shall file their interim fee application by December 4, 2017. The Chapter 13 trustee shall use available funds, after payment to unsecured creditors, to pay the allowed fees to Calaiaro Valencik. Any balance after that payment shall be paid by Fred Angel.

C. **The Balance of the insurance proceeds and Mediation**  Cumberland Mutual shall pay the balance of the Insurance claim(s) into the escrow account of Tucker Arensberg, P.C., for the Benefit of Homestead Cabinet & Display Company, Inc., Cynthia Angel or Fred Angel as their interest may appear, pending resolution of any further settlement or Order of Court.  Joel Helmrich, Esq., shall continue to serve as Mediator in this matter until further Order of the Court.  The Parties shall conclude the mediation on or before December 15, 2017.  Fred Angel and Cynthia Angel shall each be responsible for 50% of the Mediator's Fees and Expenses pursuant to the Order of Court entered in this matter at Docket No. 194.

D. **Remaining Claims Not Settled** This settlement does not resolve the remaining claims between Homestead Cabinet & Display Company, Inc., Cynthia Angel or Fred Angel and their consent to this settlement does not waive any claim or defense to any claim raised amongst them. All rights of Homestead Cabinet & Display Company, Inc., Cynthia Angel or Fred Angel are reserved and not prejudiced by this settlement. The mediation shall remain open until the parties settle their disputes or they agree to litigate their remaining claims in the Court of Common Pleas of Allegheny County.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

E. **General Provisions**

Cumberland Mutual shall have no liability to any party for paying these payments money pursuant to this Order. Fred Angel and Cynthia Angel shall execute any documents necessary to effectuate this settlement.

**By the Court:**

_____
**Honorable Carlota M. Böhm
United States Bankruptcy Judge**

**CONSENT:**

*/s/     Donald R. Calaiaro*_____,
**Donald R. Calaiaro, Attorney for the Debtor**

*/s/     Jordan S. Blask*_____,
**Jordan S. Blask, Attorney for Cynthia Angel**

 */s/     Jana S. Pail*\_\_\_\_\_  _____,
**Jana S.Pail, Attorney for the Chapter 13 Trustee**

*/s/    William E. Miller*_____,
**William E. Miller, Attorney for Velocity Commercial Capital, LLC**